UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  EDCV-15-02203-MWF-DTB                    Date:  January 7, 2016
Title:    Jason Black, et al. -v- Monster Beverage Corporation, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [11]

Before the Court is Plaintiffs' Motion to Remand (the "Motion"), filed on November 30, 2015. (Docket No. 11). Defendants filed an Opposition to the Motion on December 14, 2015, and Plaintiffs' Reply followed on December 20, 2015. (Docket Nos. 18, 20). The Court reviewed and considered the papers on the Motion and held a hearing on **January 4, 2016**.

The Motion is **GRANTED**. Although the Court has original jurisdiction over this action, Defendants' removal violated the forum defendant rule codified in 28 U.S.C. § 1441(b)(2).

**Background**

Plaintiffs initiated this action in Riverside Superior Court based on allegations that Defendants' energy drink caused Plaintiff Jason Black to suffer cardiac arrest. (Notice of Removal, Ex. A ("Complaint") ¶ 3 (Docket No. 1)). The Complaint asserts only state law claims for relief, including those for strict product liability, negligence, fraudulent concealment, and breach of implied warranties. (*Id.* ¶¶ 32-95). Plaintiffs seek to recover compensatory damages for Black's "severe injuries," medical expenses, reduced earning capacity, and lost wages. (*Id.* ¶¶ 41-42). The Complaint also includes allegations of punitive damages and loss of consortium. (*Id.* ¶¶ 93-101).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV-15-02203-MWF-DTB        Date: January 7, 2016
Title:     Jason Black, et al. -v- Monster Beverage Corporation, et al.

On October 27, 2015, Defendants removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Notice of Removal at 2). Plaintiff filed this Motion over a month later, challenging removal on jurisdictional and procedural grounds.

**Discussion**

A defendant seeking to remove an action grounded in state law bears the burden to show that "the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003). In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)). Since the parties do not dispute that Plaintiffs (citizens of Texas) are completely diverse from Defendants (citizens of California), the only jurisdictional issue is whether the amount in controversy exceeds $75,000.

The Ninth Circuit has established the following framework for determining the amount in controversy on a motion to remand. First, district courts must inquire "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If the allegations do not indicate that the requested relief exceeds $75,000, courts may consider "summary-judgment-type evidence." *Id.* Such evidence includes "jury verdicts in cases with analogous facts." *Soto v. Kroger Co.*, No. SACV 12-0780-DOC (RNBx), 2013 WL 3071267, at *4 (C.D. Cal. June 17, 2013).

In addition to satisfying these jurisdictional requirements, the removing defendant must follow procedural rules established by the removal statute. One such rule provides that a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action brought." 28 U.S.C. § 1441(b)(2). If a "forum defendant" nonetheless removes the action to federal court, the plaintiff may file a motion to remand within the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-15-02203-MWF-DTB            Date:  January 7, 2016
Title:      Jason Black, et al. -v- Monster Beverage Corporation, et al.

next 30 days.  28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

### A. Amount in Controversy

The Complaint contains the following allegations bearing on Plaintiffs' damages:

- Black suffered "serious and permanent physical injury." (Complaint ¶ 42).  His pain was so severe that he "felt like he was dying." (*Id.* ¶ 12)

- Black incurred expenses for "doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services." (*Id.* ¶ 41).  Black will continue to incur such medical expenses in the future. (*Id.*).

- Black has been "prevented from performing his usual occupation [operator of a wire truck], or any occupation whatsoever, or has otherwise suffered a reduction in his capacity to work." (*Id.* ¶ 42).  Black will be unable to work for an "undetermined period of time, or will continue to have a reduced capacity to earn income." (*Id.*).

- Black has not been able to perform "work, services, and duties" to his wife, Plaintiff Ruth Black, who has been deprived of her husband's consortium. (*Id.* ¶ 95).

- Defendants are liable for punitive damages. (*Id.* ¶ 101).

Plaintiffs argue that such allegations, if true, would not give rise to damages greater than $75,000. (Motion at 6).  The Court disagrees.  As Defendants demonstrate, juries have returned verdicts far exceeding the jurisdictional minimum in cases involving cardiac illnesses.  In *Steven Wong, et al. v. Desert Valley Hospital, et*

---

**CIVIL MINUTES—GENERAL**                                                          3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-15-02203-MWF-DTB            **Date:** January 7, 2016
**Title:** Jason Black, et al. -v- Monster Beverage Corporation, et al.

*al.* (San Bernardino Sup. Ct., March 29, 2013), for instance, the plaintiff recovered a total of $1,332,856 for injuries suffered from cardiac arrest, which required ongoing medical treatment and prevented the plaintiff from working as a machine operator. (Opposition, Ex. 1 at 2-4). In *Mark Hagen, et al. v. Fox Nutrition, Inc.* (Los Angeles Sup. Ct., August 26, 2004), the jury awarded $6,900,000 to a police officer who became severely disabled after suffering a stroke caused by an energy supplement. (*Id.*, Ex. 2 at 2). And in *Barnett, Gerald D & Corrine v. Merck & Company, Inc.* (E.D. LA 2006)—a products liability class action involving a pharmaceutical drug that caused cardiovascular events, including cardiac arrest—each class member, on average, recovered $100,000. (*Id.*, Ex. 3 at 1-5).

      While each of these examples involves facts not alleged in the Complaint, the verdicts show that compensatory damages recoverable for injuries caused by severe maladies such as cardiac arrest are expected to exceed $75,000. *See Hammarlund v. C.R. Bard, Inc.*, No. 215CV05506SVWJEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied."); *see also Campbell v. Bridgestone/Firestone, Inc.*, No. CVIF-051499-FVS-DLB, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (amount in controversy satisfied where, following a car accident, the plaintiff allegedly suffered head trauma, a broken arm, broken wrist, a deep laceration to his lower leg, and sought damages for wage loss, property loss, hospital and medical expenses, and loss of earning capacity); *Purdiman v. Organon Pharmaceuticals USA, Inc.*, No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (amount in controversy met where the plaintiff allegedly suffered permanent and debilitating injuries, spent six days in the hospital, and was unable to move any part of her body during her entire hospital stay). And when Plaintiff's allegations of punitive damages are taken into account, it becomes apparent that the amount in controversy in this action meets the jurisdictional minimum. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Indeed, even Plaintiffs have acquiesced to this conclusion, as they do not challenge any of Defendants' arguments or evidence in the Reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-15-02203-MWF-DTB           Date:  January 7, 2016
Title:     Jason Black, et al. -v- Monster Beverage Corporation, et al.

Accordingly, the Court has original jurisdiction over this action.

### B.    Forum Defendant Rule

Because Defendants are indisputably domiciled in California (Notice of Removal ¶¶ 15-16), Plaintiffs argue that removal of the action to this Court violates the "forum defendant" rule of § 1441(b)(2). (Motion at 3). Defendants retort that the statute applies only to defendants who have been "properly joined and served," and because Defendants had not been served at the time of removal, remand is improper. (Opposition at 4).

District courts in California are split as to the meaning of the words "properly joined and served" in § 1441(b)(2). Some courts have adopted the literal interpretation of phrase and permitted forum defendants who have not been served with the summons to remove actions to federal court. In *May v. Haas*, for example, the district court held:

> It is undisputed that Defendant Haas had not been served at the time Schneider National removed the case to this Court. It is also undisputed that complete diversity continues to exist between the parties after Haas has been served. Because no local defendant was served at the time of removal, removal of this action was proper. Therefore, Plaintiffs' Motion to Remand is denied.

No. 2:12-CV-01791-MCE, 2012 WL 4961235, at *3 (E.D. Cal. Oct. 16, 2012).

Courts in the Northern District have adopted the same interpretation. One district court, while noting that the "courts divide into two camps, one favoring removal, the other remand," chose to follow the literal language of the statute. *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012). The court emphasized that "the Northern District has consistently [given] effect to those words. The Court is not persuaded that it would be appropriate to depart from that position now and thereby disrupt the settled expectations of litigants in this district." *Id.*

---

| CIVIL MINUTES—GENERAL | 5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-15-02203-MWF-DTB			Date:  January 7, 2016
Title:     Jason Black, et al. -v- Monster Beverage Corporation, et al.

    The strong consensus in the Central District, however, is to focus on the purpose and not the literal language of § 1441(b)(2).  As the district court in *Khashan v. Ghasemi* explained,

> 28 U. S.C. § 1441(b), on its face, applies only where the forum defendant has been properly joined and served.  Here, however, the 'properly joined and served' language of § 1441(b) does not prevent a finding that the removal was procedurally defective.  The 'properly joined and served' language, added to § 1441(b) in 1948, has widely been interpreted as reflecting a Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid removal.

No. CV10-00543MMM(CWX), 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010).

    To adopt "a literal interpretation of the 'joined and served' provision [would promote] gamesmanship by defendants through allowing removal before a plaintiff has a meaningful chance to serve any defendant." *Standing v. Watson Pharm., Inc.*, No. CV09-0527 DOC (ANX), 2009 WL 842211, at *4 (C.D. Cal. Mar. 26, 2009).  Viewing the words "joined and served" in light of the statute's goal to permit only out-of-state defendants to litigate in federal courts, a more sensible reading "is to prevent plaintiffs from improperly joining forum defendants that they do not actually intend to pursue in order to prevent removal." *Id.* at *3.  But where a forum defendant is not fraudulently joined, following the plain meaning of the statute would "both undermine[] the general purpose of the forum defendant rule (i.e. to keep certain cases in state court) and inappropriately prevent[] plaintiffs from litigating in the forum of their choice." *Id.* at *4.

    In subsequent cases, courts within this District have chosen not to "rehash" the debate "well-developed in *Regal Stone*, *Khasan*, and *Standing*." *Massachusetts Mut. Life Ins. Co. v. Mozilo*, No. 2:12-CV-03613-MRP, 2012 WL 11047336, at *1 (C.D. Cal. June 28, 2012) (literal interpretation would "eviscerate the purpose of the forum defendant rule") (citations and internal quotations omitted).  And mere days ago,

**CIVIL MINUTES—GENERAL**				6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV-15-02203-MWF-DTB | **Date:** January 7, 2016 |
| **Title:** Jason Black, et al. -v- Monster Beverage Corporation, et al. | |

another court followed the lead of *Khasan* and *Standing*, and rejected the same exact arguments Defendants make in their Opposition. *See Michael Richard Marsh v. Monster Beverage Corp.*, ED CV 15-2205-GHK (KKx), at 5 (C.D. Cal. Jan. 4, 2016) ("We are also persuaded by the reasoning in *Khashan* and *Standing* and decline to adopt a reading of § 1441(b) that would allow forum defendants to remove an action simply because they have not been served. Our conclusion is supported by the opinions of various other district courts throughout the country.") (citing cases).

These cases persuade the Court that the literal meaning of the words "joined and served" does not control here. A contrary ruling would incentivize sophisticated forum defendants to monitor court dockets and remove actions before any service could occur. Such incentives are anathema to the primary rational for diversity jurisdiction: state law claims belong in state court unless the action involves an out-of-state defendant who may experience bias in the plaintiff's chosen forum. There is simply no reason to differentiate between served and non-served forum defendants, who have no business litigating in federal courts within their home states. The only exception involves a forum defendant who is fraudulently joined to avoid federal jurisdiction—a danger not present here. The Court therefore follows *Khasan*, *Standing*, and subsequent decisions of this District in interpreting the meaning of "joined as served" as permitting removal only by non-forum defendants or forum defendants who are sued for the sole purpose of avoiding federal jurisdiction.

It is worth noting that cases Defendants cite in support of interpreting the words of the statute literally involved non-forum defendants removing the action before a forum defendant could be served. *See May*, 2012 WL 4961235, at *2 (removed by non-forum defendant), *Regal Stone*, 881 F. Supp. 2d at 1128-29 (same); *Waldon v. Novartis Pharmas. Corp.*, 2007 WL 1747128, at *1-3 (N.D. Cal. June 18, 2007) (same). Here, on the other hand, it is the removing Defendants who are citizens of California. Courts have recognized that "[t]he rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served" given that there "is no fear of local bias." *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1244 (E.D. Mo. 2012). Defendants' removal is therefore particularly inappropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-15-02203-MWF-DTB     **Date:** January 7, 2016
**Title:**     Jason Black, et al. -*v*- Monster Beverage Corporation, et al.

Ultimately, the debate among the district courts is for the Ninth Circuit to settle. The consensus in the Northern District of California would favor Defendants, and Defendants understandably rely on the Eastern District opinion in *May*, quoted above. For now, however, the Court follows the consensus in this District—if only because "in most matters it is more important that the applicable rule of law be settled than that it be settled right." *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406 (1932) (Brandeis, J., dissenting). As the Northern District emphasized, the settled expectation of litigants within a district is an important consideration, especially where, as here, the district court split involves a procedural rule so frequently used and relied on.

Defendants' arguments to the contrary are unpersuasive. Defendants urge the Court to examine each removal case by case to determine whether the plaintiff was provided a reasonable opportunity to effectuate service. (Opposition at 11). Because Plaintiffs here had four months to serve the summons prior to removal, Defendants claim that they did not engage in gamesmanship and forum shopping, thus rendering a remand improper. (*Id.*). The Court rejects Defendants' contentions for three reasons:

*First*, nothing in § 1441(b) indicates that a plaintiff forfeits her right to remand simply because she failed to serve the defendant within a "reasonable" amount of time. As all courts recognize, Congress intended to prevent forum defendants who are not in danger of local bias from litigating state law claims in federal court. A local defendant who removes four months after initiation of the action will obviously not experience more bias in state court than a local defendant who removes immediately after filing of the Complaint.

*Second*, the delay in service is relevant only to fraudulent joinder analysis, not to whether a properly joined defendant may litigate in federal court. Where a plaintiff names a forum defendant in the action but fails to effectuate service, it could perhaps be argued that joinder was made for the purpose of avoiding jurisdiction. In that scenario, removal could be proper. But because Defendants do not argue that they were fraudulently joined, Plaintiffs' delay is inapposite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV-15-02203-MWF-DTB | Date: January 7, 2016 |
| Title: Jason Black, et al. -v- Monster Beverage Corporation, et al. | |

*Finally*, Defendants' approach would likely produce more uncertainty, more splits, and more litigation over procedural issues. Determining whether a particular plaintiff had a reasonable opportunity to effectuate service prior to removal would require a fact-intensive inquiry. It would be necessary to examine, for instance, where the litigants are located, how difficult it is to serve the defendants, whether the defendants have attempted to evade service, and whether the plaintiff's delay was otherwise justified. This *ad hoc* analysis may incentivize a local defendant to forum shop with impunity since sanctions for improper removal would be particularly unlikely. The Court is not prepared to facilitate such a result.

In sum, the Court adopts the rule articulated in *Khasan* and *Standing*: forum defendants may not remove the action to federal court unless they were fraudulently joined. A remand is proper here.

### C. Attorneys' Fees

Plaintiffs seek to recover attorneys' fees spent on bringing the Motion. (Motion at 7). The Court may award just costs and attorneys' fees incurred as a result of removal under 28 U.S.C. § 1447(c), but "only where the removing party lacked an objectively reasonable basis for seeking removal." *See Martinez v. Michaels,* No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015).

Although ultimately unpersuasive, Defendants' arguments are far from "objectively unreasonable." A fee award is therefore inappropriate.

### D. Conclusion

For the foregoing reasons, the Motion is **GRANTED**. Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Riverside (Case No. RIC-1507803).

IT IS SO ORDERED.